887 F.2d 1095
 13 U.S.P.Q.2d 1731
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
E.I. DU PONT DE NEMOURS & COMPANY, Plaintiff-Appellee,
v.
POLAROID GRAPHICS IMAGING, INC., Defendant-Appellant.
 No. 89-1300.
 United States Court of Appeals, Federal Circuit.
 Sept. 22, 1989.
Rehearing Denied Oct. 23, 1989.
Suggestion for Rehearing In Banc Declined Nov. 2, 1989.
 
 Before FRIEDMAN, RICH and ARCHER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Polaroid Graphics Imaging, Inc. (Polaroid) appeals from the order of the United States District Court for the District of Delaware, E.I. Du Pont De Nemours & Co. v. Polaroid Graphics Imaging, Inc., 706 F.Supp. 1135, 10 USPQ2d 1579 (D.Del.1989), preliminarily enjoining Polaroid from infringing E.I. Du Pont De Nemours & Co.'s (Du Pont's) United States patent No. 4,053,313 ('313), and denying Polaroid's cross-motion for summary judgment of patent invalidity. We affirm.
 
 OPINION
 
 2
 1. On the present record, we find no error in the district court's requirement that a "toner," as used in the claims, " 'is a material that is used to make an image visible' ... at the conclusion of the ... image reproduction process." 706 F.Supp. at 1143, 10 USPQ2d at 1586. Contrary to Polaroid's contention, the district court did not ignore the Fan patent prosecution history in reaching this definition. Du Pont's citation during prosecution to United States Patent No. 3,649,268, which referred to toning as including "heat conducting materials," is inconclusive. Moreover, it has not been argued that the '268 patent required "toners" to include materials which were no longer present at the conclusion of the image reproduction process.
 
 
 3
 2. The district court committed no error in considering the entire Law disclosure, which demonstrates, as the district court found, that the silicon carbide in the Law process functions primarily to burn the glass sheet, not reproduce an image visible at the conclusion of the image-reproduction process.
 
 
 4
 3. We have considered Polaroid's other anticipation arguments, but find them unpersuasive.
 
 
 5
 4. We have also considered Polaroid's arguments regarding irreparable harm, balance of the hardships, and the public interest, but believe the district judge made no error in her analysis of these factors nor abused her discretion in issuing the preliminary injunction. Accordingly, we affirm this part of the judgment on the basis of her opinion.
 
 
 6
 5. This court has pendent jurisdiction, in its discretion, to review that portion of the district court's order which denied Polaroid's motion for summary judgment of invalidity. See Intermedics Infusaid, Inc. v. Regents of Univ. of Minn., 804 F.2d 129, 134, 231 USPQ 653, 657 (Fed.Cir.1986). Because Polaroid's arguments for invalidity parallel its anticipation arguments for reversal of the preliminary injunction, we affirm the denial of Du Pont's motion on the basis of the analysis above.